IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | |
|---|---|
| WILLIAM GOODRICH, #353147 | § |
| | § |
| v. | § |
| | §   CIVIL ACTION NO. G-06-156 |
| | § |
| BRAD LIVINGSTON, Executive Director | § |
| Texas Dept. Criminal Justice; and | § |
| RISSIE OWNES, Chairperson of the | § |
| Texas Board of Pardons and Paroles | § |

**REPORT AND RECOMMENDATION**

Plaintiff William Goodrich, proceeding *pro se*, filed the instant suit pursuant to 42 U.S.C. § 1983. The particularity with which Plaintiff has pleaded his claims makes it unnecessary, in this Court's opinion, to afford Plaintiff the customary opportunity to replead. A complaint which alleges sufficient facts to support its conclusions and maintain a cause of action, when viewed under the individual circumstances of the complaint, is adequate in demonstrating that a Plaintiff has pleaded his best case. *Jacquez v. Procunier*, 801 F.2d 789, 792-93 (5th Cir. 1986). Having reviewed Plaintiff's Complaint, as well as his Supplement to the Complaint[1], this Court makes the following recommendation to the District Judge.

Pursuant to 28 U.S.C. § 1915(e)(2), the Court shall dismiss a case at any time if satisfied that it is frivolous or malicious. A case may be dismissed for being frivolous if the claim has no realistic

---

[1] Although styled as an Amendment to the Complaint (Instrument No. 15), Plaintiff clarified that he intended it as a Supplement to the Complaint. (Instrument No. 16).

1

chance of ultimate success, or has no arguable basis in law and fact.  *See Pugh v. Parish of St. Tammany*, 875 F.2d 436, 438 (5th Cir. 1989); *Booker v. Koonce*, 2 F.3d 114 (5th Cir. 1993).  The determination whether an action is frivolous or malicious may be made prior to service of process; therefore, such claims are dismissible *sua sponte* prior to service under 28 U.S.C. § 1915(e)(2).  *Ali v. Higgs*, 892 F.2d 438 (5th Cir. 1990).

Plaintiff, who was convicted of aggravated rape in 1982, and received a life sentence, filed this action seeking the Court to order the Texas Board of Pardons and Paroles ("Board") to provide him a new parole eligibility hearing and to prohibit the Board from applying section 508.046 of the Texas Government Code to the rehearing and any future determinations of his eligibility for release on parole.  Plaintiff alleges that the Board should not be applying section 508.046 to him because his conviction is for an offense that is not expressly listed in the statute and that it represents a new rule that is retroactively being applied to him in violation of the Due Process and *Ex Post Facto* Clauses.

Plaintiff initially claims that neither section 508.046 of the Texas Government Code, nor its predecessor statute–namely, Article 42.18, section 7(f) of the Texas Code of Criminal Procedure, has any application to him.  In particular, Plaintiff alleges that he was convicted of aggravated rape,[2] and that this offense is not expressly listed in either section 508.046[3] or Article 42.18, and he also

---

[2] *See* Tex. Pen. Code § 21.03, repealed.

[3] Section 508.046 provides, in relevant part, the following: "[t]o release on parole an inmate who was convicted of an offense under Section 21.11(a)(1) or 22.021 [aggravated sexual assault], Penal Code, or who is required under Section 508.145(c) to serve 35 calendar years before becoming eligible for release on parole, all members of the board must vote on the release of parole of the inmate, and at least two-thirds of the members must vote in favor of the release on parole."  Tex. Gov't Code § 508.046.

contends that aggravated rape is not the same offense as aggravated sexual assault.[4]  The Texas Court of Criminal Appeals, however, has rejected such arguments.  In *Griffen*, the Texas Court, interpreting the application of the enhanced punishment statute as it applied to certain repeat sex offenders, concluded that the Penal Code section for aggravated sexual assault "encompasses the conduct previously included in the ... aggravated rape statutes" and that aggravated rape is the "statutory precursor" to aggravated sexual assault.  *Griffin v. State*, 116 S.W.3d 782, 787-88 (Tex.Crim.App. 2003).  The Court went on to conclude that even though the precursor statute was not expressly listed in the enhanced punishment statute, the statute must be construed to encompass the statutory precursor offenses or it would produce an "absurd" result and would be contrary to legislative intent.  *Id.* at 786.  The Court's determination in *Griffin* has been followed by various Texas courts when interpreting other statutory provisions considered punitive in nature.  *See Ex parte Ervin*, 187 S.W.3d 386, 389 (Tex.Crim.App. 2005) (construing statute restricting release to mandatory supervision as including statutory precursor offenses); *Turner v. State*, 101 S.W.3d 750, 758 (Tex.App.–Houston [1st Dist.] 2003), pet. ref'd) (construing mandatory sex registration as including predecessor statutes); *Lutz v. State*, 184 S.W.3d 366, 369 (Tex.App.–Austin 2006, no pet.) (interpreting the mandatory sex offender registration statute to include statutory predecessor offenses).  Based on the holdings in these cases, Plaintiff's contentions have no arguable basis in law.  Moreover, the law is clear that Texas prisoners have "no constitutionally protected right to parole or a parole hearing."  *Orellana v. Kyle*, 65 F.3d 29, 32 (5th Cir. 1995), *cert. denied*, 516 U.S. 1059 (1996).  This Court, therefore, concludes that Plaintiff's claim that his Due Process rights were violated is frivolous and fails to state a claim from which relief could be granted.

---

[4] *See* Tex. Pen. Code § 22.021.

Plaintiff also claims that the Board's application of section 508.046 violates the *Ex Post Facto* Clause. In particular, Plaintiff explains that his eligibility for parole at the time he was convicted would have required the approval of only two members of a three-member panel of the Board, but under section 508.046, which was enacted after Plaintiff's conviction, his eligibility for parole will require the approval of two-thirds of the entire Board membership.[5] Therefore, Plaintiff argues that the application of section 508.046 to his parole determination violates his due process rights and the prohibition against *ex post facto* and retroactive laws under the Constitution.

Not every retroactive application in parole procedures that creates a risk of affecting an inmate's term of confinement, however, is prohibited by the *Ex Post Facto* Clause of the Constitution. *Garner v. Jones*, 529 U.S. 244, 250 (2000). Rather, the controlling inquiry is whether the retroactive application creates a sufficient risk of increasing the length of punishment, as contrasted from only a speculative and attenuated possibility of doing so. *See id.* at 250-51, 255. In this case, because the application of section 508.046 does not alter any of the determinants of parole timing or eligibility, but only how many members will participate in the decision, it presents only a speculative and attenuated possibility of increasing the punishment. Plaintiff's *ex post facto* challenge has no arguable basis in law and is frivolous. *See Brooks v. Dretke*, 2005 WL 1745456 (S.D.Tex. July 22, 2005) (change in size of parole eligibility panel did not violate either *Ex Post Facto* or Due Process clause); *Goodwin v. Dretke*, 150 Fed. Appx. 295 (5th Cir. 2005) (concluding that state court's determination that prisoner was not entitled to habeas relief based on claim that the parole board was violating *ex post facto* protections by applying new, stricter voting requirements for determining parole eligibility was reasonable application of federal law, thereby, precluding

---

[5] *See* Tex. Gov't Code § 508.031.

federal habeas relief); *Aldaco v. Quarterman*, 185 Fed.Appx. 358, 359 (5th Cir. 2000) (same); *Nabelek v. Garrett*, 2003 WL 21710243, *2 (Tex.App.–Houston [14th Dist.] July 24, 2003, pet. ref'd) (no *ex post facto* violation where parole board applied section 508.046 of the Government Code retroactively since it only affected the number of board members who participated in vote, not the timing or eligibility).[6] Nor do "increases in the minimum number of years in which parole decisions must be reconsidered . . . violate the *ex post facto* prohibition where they do not modify the statutory punishment imposed or the standards for determining the criteria for, or initial date of, parole eligibility." *Nabelek*, 2003 WL 21710243 at *2; *see also Jennings v. Parole Board of Virginia*, 61 F.Supp.2d 462, 470 (E.D.Va. 1999) (parole board's deferral policy did not violate *ex post facto* clause).

Finally, while Plaintiff appears to contend that his classification prevents him from engaging in numerous rehabilitative programs, this claim too is frivolous because the law is well settled that a prisoner has no constitutional right to participate in a rehabilitative program. *Moody v. Daggett*, 429 U.S. 78, 88 n. 9 (1976) (prison classification and eligibility for rehabilitation programs are not directly subject to "due process" protections); *Bulger v. United States Bureau of Prisons*, 65 F.3d

---

[6] Courts in other jurisdictions have reached the same conclusion. *See, e.g., Alston v. Robinson*, 791 F.Supp. 569, 591 (D.Md. 1992), *aff'd*, 19 F.3d 10 (4th Cir. 1994) (retroactive application of change in percentage of parole board member votes for parole eligibility not *ex post facto* violation because it is merely a procedural change that does not "substantially alter" plaintiff's "quantum of punishment"); *Cummings v. Burt*, 121 F.3d 707, 1997 WL 437114, *2 (6th Cir. 1997) (retroactive application of rule that increased number of parole board members participating in review was not *ex post facto* violation); *State ex rel. Gonzalez v. Superior Court*, 184 Ariz. 103, 907 P.2d. 72, 74 (App.1995) (retroactive application of rule that altered number of parole board member votes was not *ex post facto* violation since it did not alter the punishment).

48, 49 (5th Cir. 1995) (same).[7]

For all the foregoing reasons, it is the **RECOMMENDATION** of this Court that the instant Complaint and Supplement to the Complaint (Instrument Nos. 1 & 15) be **DISMISSED** with prejudice as frivolous and failing to state a claim upon which relief can be granted.

The Clerk **SHALL** send copies of this Report and Recommendation to the Parties. The Parties **SHALL** have until **December 6, 2006**, in which to have written objections, filed pursuant to 28 U.S.C. § 636(b)(1)(C), **physically on file** in the Office of the Clerk. The Objections **SHALL** be electronically filed and/or mailed to the Clerk's Office at P.O. Drawer 2300, Galveston, Texas 77553. **Any Objections filed SHALL be contained in a written document specifically entitled "Objections to the Report and Recommendation of the Magistrate Judge"**, which will then be forwarded to the District Judge for consideration. Failure to file written objections within the prescribed time **SHALL** bar the aggrieved party from attacking on appeal the factual findings and legal conclusions accepted by the District Judge, except upon grounds of plain error.

**DONE** at Galveston, Texas, this     17th     day of November, 2006.

John R. Froeschner
United States Magistrate Judge

---

[7] To the extent that Plaintiff asserts an Equal Protection challenge because he is not able to participate in pre-parole rehabilitation programs, he fails to state a cognizable claim for relief. Plaintiff has not shown that sex offenders are a suspect class or that they have been denied a fundamental right, and subjecting such inmates to different parole procedures is reasonably related to a legitimate penological interest. *See, e.g., Finley v. Staton*, 542 F.2d 250, 251 (5th Cir. 1976).