IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | |
|---|---|
| WILLIAM GOODRICH, #353147 | § |
| | § |
| v. | § |
| | §   CIVIL ACTION NO. G-06-156 |
| | § |
| BRAD LIVINGSTON, Executive Director | § |
| Texas Dept. Criminal Justice; and | § |
| RISSIE OWENS, Chairperson of the | § |
| Texas Board of Pardons and Paroles | § |

**ORDER**

Before the Court is the Report and Recommendation of the United States Magistrate Judge that was entered on November 17, 2006. Plaintiff filed timely objections to the Report and Recommendation and, on December 20, 2006, he also submitted a Supplement to his Objections.

In his objections, Plaintiff reiterates his contentions that the Texas parole voting statute applies only to those convicted of the offense of aggravated sexual assault and should not be read to include the statutory precursor offense of aggravated rape, under which he was convicted; and that the application of the parole voting statute violates his rights under the Due Process and *Ex Post Facto* clauses. The Court finds no merit to Plaintiff's objections.

The Supreme Court has recognized that states have no duty to establish a parole system and prisoners have no constitutional right to be released before the expiration of a valid sentence. *Board of Pardons v. Allen*, 482 U.S. 369, 378 n.10 (1987) (statutes or regulations that provide a parole board may release an inmate on parole do not give rise to a protected liberty interest); *Greenholtz v. Nebraska Penal Inmates*, 442 U.S. 1, 11 (1979) (statute which "provides no more than a mere

hope that the benefit will be obtained" does not trigger due process protections). The Fifth Circuit, having examined the Texas parole statutes, determined that "there is no constitutional expectancy of parole in Texas" (*Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997)), and consequently a prisoner "cannot complain of the constitutionality of procedural devices attendant to parole decisions." *Orellana v. Kyle*, 65 F.3d 29, 32 (5th Cir. 1995); *see also*, *Johnson v. Rodriguez*, 110 F.3d 299, 308 (5th Cir. 1997) (Texas prisoners simply have no constitutionally protected right to parole or a parole hearing). Similarly, a Texas prisoner has no vested right to review by a parole panel of a particular size. *See Johnson,* 110 F.3d at 308. Instead, the Supreme Court has recognized that states have wide discretion in determining what parole boards may consider, stating that "to insure the public-interest purposes of rehabilitation and deterrence, the state may be specific or general in defining the conditions for release and the factors that should be considered by the parole authority." *Greenholtz*, 442 U.S. at 7-8. Plaintiff raises no viable due process claim.

Plaintiff's action also raises no viable claim of an *ex post facto* violation. The application of the Texas parole statute does not punish as a crime an act previously committed which was innocent when done; it does not make more burdensome the punishment for the crime; and it does not deprive an inmate of any defense available according to law at the time the act prohibited was committed. *Collins v. Youngblood*, 497 U.S. 37, 52 (1990); *see also Orellana v. Kyle*, 65 F.3d at 32-33 (change in rules that alters time between parole reviews was not an *ex post facto* violation because it did not increase the punishment for the offense). However, even assuming arguendo that Plaintiff's *ex post facto* claim is nonfrivolous, granting of the requested relief (*i.e.,* Plaintiff's requests this Court to vacate his November 2005 parole decision) would necessarily imply, the invalidity of the prior parole decision Plaintiff challenges in this civil rights action. *See Heck v. Humphrey*, 512 U.S. 477 (1994).

Having given this matter *de novo* review under 28 U.S.C. § 636(b)(1)(C), this Court finds that the Report and Recommendation is correct and it is, therefore, **ACCEPTED** by this Court in its entirety and incorporated by reference herein.

Accordingly, it is **ORDERED** that the instant Complaint and Supplement to the Complaint (Instrument Nos. 1 & 15) be **DISMISSED** with prejudice as frivolous and failing to state a claim upon which relief can be granted.

**DONE** at Galveston, Texas this 10th day of January, 2007.

_____
Samuel B. Kent
United States District Judge